**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAN DIEGO UNIFIED PORT
DISTRICT,

    Plaintiff-Appellee,

v.

LANDMARK INSURANCE COMPANY,

    Defendant,

 and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
successor-in-interest to Landmark
Insurance Company,

    Defendant-Appellant.

No. 19-55409

D.C. No.
3:15-cv-01401-BEN-MDD

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 2, 2020
Pasadena, California

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: LIPEZ,** RAWLINSON, and N.R. SMITH, Circuit Judges.

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") appeals the district court's summary judgments in favor of San Diego Port District ("the Port") granting declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291; we reverse and remand.

1.      The district court erred in determining that the umbrella/excess policies were ambiguous thereby imposing a duty on National Union to defend claims and indemnify the Port for losses stemming from non-litigated disputes, including costs resulting from agency orders requiring the Port to remediate and abate environmental contamination and pollution. The language of the umbrella/excess policies "governs" because it is "clear and explicit." *See Cty. of San Diego v. Ace Prop. & Cas. Ins. Co.*, 118 P.3d 607, 612 (Cal. 2005) (quoting *Bank of the West v. Superior Court*, 833 P.2d 545, 552 (Cal. 1992)). The central insuring provisions in the umbrella/excess policies provide coverage only for "damages." *See id.* at 614–16. Similarly, National Union's duty to defend only extends to "suit[s]," but National Union retains "the right"—but has no obligation—to investigate, negotiate, or settle "any claim or suit." *Cf. CDM Inv'rs v. Travelers Cas. & Sur.*

---

**          The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

*Co.*, 43 Cal. Rptr. 3d 669, 672–73 (Ct. App. 2006). Nothing in the umbrella/excess policies—including the "continue in force as underlying insurance" language in Endorsement 2—obligates National Union to defend or indemnify expenses or claims unrelated to "suits" and "damages." Thus, coverage under the umbrella/excess policies is limited to "damages," i.e., liabilities assessed against the Port within the context of a lawsuit.

2.    The district court erred in holding the umbrella/excess policies were ambiguous thereby containing no aggregate limit of liability for property damage losses. Multiple provisions in the umbrella/excess policies clearly and unambiguously contemplate a general aggregate limit for covered losses, including the endorsement entitled "Ultimate Net Loss Limit of Liability Amended" (Endorsement 2), Item 3(B) on the declarations page, and the "Limit of Liability–Retained Limit" section of the base policy. The Port seeks to sidestep the clear and unambiguous language in those provisions that the umbrella/excess policies contain a general aggregate limit by pointing to the italicized portion of the following language in Endorsement 2: "in respect of each occurrence—subject to a limit as stated in item 3(B) of the declarations in the aggregate for each annual period during the currency of this policy, *separately in respect of products liability and in respect of personal injury . . . by occupational disease*." However, the only

3

reasonable interpretation of Endorsement 2 is that general covered losses, including property damage (or environmental contamination) claims, are subject to a per-policy cap of $20 or $50 million, depending on the respective policy, and that *separate* aggregate limits in those same amounts apply to products liability and personal injury by occupational disease claims. *Cf. Garamendi v. Mission Ins. Co.*, 31 Cal. Rptr. 3d 395, 408–10 (Ct. App. 2005). Thus, the umbrella/excess policies contain a general aggregate limit in the amounts noted above for each policy period, and the policies contain separate aggregate limits for products liability and personal injury by occupational disease.

**REVERSED and REMANDED.**